RICHARD H. ZAITLEN #63283
richard.zaitlen@pillsburylaw.com
STEPHEN D. BYERS #223330
steve.byers@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Plaintiff and Counterdefendant
ACCURIDE INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| ACCURIDE INTERNATIONAL INC., | Case No. CV-09-2448-R(PLAx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| COMPX PRECISION SLIDES INC. and COMPX INTERNATIONAL INC., | |
| Defendants. | |
| COMPX PRECISION SLIDES INC. and COMPX INTERNATIONAL INC., | |
| Defendants and Counterclaimants, | |
| vs. | |
| ACCURIDE INTERNATIONAL INC., | |
| Plaintiff and Counterdefendant. | |

# STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order is issued to facilitate discovery under the Local Rules of this Court and the Federal Rules of Civil Procedure, including all disclosures by either party.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation or further order of the Court.

In support of this Order, the Court finds that:

1. Based on the affidavits provided by Janet Kiniry of Accuride, attached as Exhibit 1, and J. Mark Hollingsworth of CompX, attached as Exhibit 2, documents or information containing confidential proprietary and business information and/or trade secrets that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of confidential information and/or trade secrets could severely injure or damage the party disclosing or producing the confidential information and/or trade secrets and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving confidential information and/or trade secrets are presently without sufficient information to accept the representation(s) made by the party or parties disclosing or producing confidential information and/or trade secrets as to the confidential, proprietary, and/or trade secret nature of such information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

STIPULATED PROTECTIVE ORDER
Case No. CV-09-2448-R(PLAX)

**IT IS THEREFORE ORDERED THAT:**

1. "Confidential Information" shall mean and include any document (whether in hard copy or in computer-readable form), thing, deposition or other pretrial testimony, interrogatory answers, responses to requests for admission and/or production, or other information provided, produced, or obtained, whether formally or informally, in the course of this action ("Discovery Material") that contains non-public or confidential information, whether personal or business-related. Certain types of Confidential Information may be further designated, as defined and detailed below, as "Confidential Information -Attorneys' Eyes Only" or "Confidential Information - Outside Attorneys' Eyes Only."

The Confidential Information - Attorneys' Eyes Only and Confidential Information -Outside Attorneys' Eyes Only designations shall be reserved for Confidential Information that constitutes, reflects, or concerns trade secrets, source code, know-how or proprietary data, business, financial, technical, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Discovery Material and/or would be considered highly sensitive to that party.

2. Discovery Materials containing Confidential Information, Confidential Information -Attorneys' Eyes Only or Confidential Information - Outside Attorneys' Eyes Only are referred to as "Protected Materials." Except as otherwise indicated below, all Discovery Materials designated by a person or entity participating in discovery in this action as "Confidential Information," "Confidential Information - Attorneys' Eyes Only" or "Confidential Information - Outside Attorneys' Eyes Only" and which are disclosed or produced to, or obtained by, the attorneys for the other parties to

STIPULATED PROTECTIVE ORDER
Case No. CV-09-2448-R(PLAX)

this litigation are Protected Materials and are entitled to confidential treatment as described below.

3. The designation of Protected Materials in the form of documents, things, interrogatory answers, responses to requests for admission and/or production, or any other tangible materials (including, without limitation, CD-ROMS, DVDs and tapes) other than depositions or other pretrial testimony as Confidential Information, Confidential Information – Attorneys' Eyes Only or Confidential Information - Outside Attorneys' Eyes Only shall be made in the following manner:

a. "Confidential Information" Protected Materials shall be so marked by conspicuously affixing the legend "CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER" or similar designation on each page of the Protected Materials (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.  On such Protected Materials that bear a document production number, the Confidential Information legend shall be placed as near as practical to the production number.

b. "Confidential Information – Attorneys' Eyes Only" Protected Materials shall be so marked by conspicuously affixing the legend "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER" or similar designation on each page of the Protected Materials (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. On such Protected Materials that bear a document production number, the Confidential Information – Attorneys' Eyes Only legend shall be placed as near as practical to the production number.

STIPULATED PROTECTIVE ORDER
Case No. CV-09-2448-R(PLAX)

c. "Confidential Information – Outside Attorneys' Eyes Only" Protected Materials shall be so marked by conspicuously affixing the legend "CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER" or similar designation on each page of the Protected Materials (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. On such Protected Materials that bear a document production number, the Confidential Information – Outside Attorneys' Eyes Only legend shall be placed as near as practical to the production number.

d. If a document has more than one of the designations set forth in Paragraphs 3a-3c above, the most restrictive designation applies.

4. Protected Materials shall not include (1) previously disseminated advertising materials, (2) materials that on their face show that they have been published to the general public, (3) documents that have been submitted to any governmental entity without request for confidential treatment, or (4) documents or information that became publicly available without the receiving party or any other party's breach of any obligation regarding maintaining confidentiality of such document or information.

5. The designation of any Discovery Materials as Protected Materials pursuant to this Order is intended solely to facilitate compliance with discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any party that the designated disclosure in fact constitutes or contains any confidential, trade secret, or proprietary information.  Failure to so designate any Protected Materials shall not constitute a waiver of any claim by any party that such Protected Materials contain confidential, trade secret, or proprietary information.  The fact that a

person did not designate specific Discovery Materials as Protected Materials shall not be the subject of evidence or argument at trial. No person shall be obligated to challenge the propriety of any such designation, and any failure to do so shall not preclude a subsequent attack on the propriety of any "Confidential Information," "Confidential Information - Attorneys' Eyes Only" or "Confidential Information – Outside Attorneys' Eyes Only" designation.

6. At any time after the delivery of Protected Materials, counsel for the party or parties receiving the Protected Materials may challenge the "Confidential Information," "Confidential Information - Attorneys' Eyes Only" or "Confidential Information – Outside Attorneys' Eyes Only" designation of all or any portion thereof by providing written notice thereof to counsel for the person or entity disclosing or producing the Protected Materials or from whom the Protected Materials are obtained. Counsel shall endeavor in good faith to resolve their dispute on an informal basis before presenting the matter to the Court for resolution.  If counsel are unable to agree as to whether the designation of Protected Materials is appropriate, then the party or parties receiving the Protected Materials shall certify to the Court that counsel cannot reach an agreement as to the confidential nature of all or a portion of the Protected Materials.  Thereafter, the person or entity desiring to change the designation, or to de-designate, the confidentiality of the Protected Materials shall have ten (10) days from the date of certification to submit to the opposing party its portion of a joint stipulation under Local Rule 37-2 for a motion to change the designation or to de-designate the confidentiality of the Protected Materials in dispute.  The party or parties disclosing or producing the Protected Materials shall have the burden of establishing that the disputed Protected Material is entitled to the designation that it has been given and that

the Protected Materials should not be subject to a different designation or no designation at all.  All Protected Materials are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of the Protected Materials are entitled to confidential treatment.

7. If any person believes that Protected Materials belonging to it have been or may be disclosed in the course of any deposition (whether through any question, answer, colloquy, and/or exhibit), then such person may designate the deposition, portion thereof, or exhibit as "Confidential Information," "Confidential Information - Attorneys' Eyes Only" or "Confidential Information – Outside Attorneys' Eyes Only" by (1) stating on the record of the deposition that such deposition, portion thereof, or exhibit is "Confidential Information," "Confidential Information - Attorneys' Eyes Only" or "Confidential Information – Outside Attorneys' Eyes Only," or (2) stating in a writing served on counsel for the other party, up to fifteen (21) days after receipt of such deposition transcript by the designating person, that such deposition, portion thereof, or exhibit is "Confidential Information," "Confidential Information - Attorneys' Eyes Only" or "Confidential Information – Outside Attorneys' Eyes Only."

8. Confidential Treatment.  Protected Materials and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

9. Protected Materials marked "Confidential Information" and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

**A. ATTORNEYS IN THE FIRMS THAT ARE OUTSIDE COUNSEL OF RECORD IN THIS ACTION FOR THE PARTY RECEIVING PROTECTED MATERIALS OR ANY INFORMATION CONTAINED THEREIN;**

**B. EMPLOYEES OF SUCH COUNSEL (EXCLUDING EXPERTS) ASSIGNED TO AND NECESSARY TO ASSIST SUCH COUNSEL IN THE PREPARATION AND TRIAL OF THIS ACTION, AND ANY THIRD PARTY VENDORS OR CONSULTANTS USED TO ASSIST IN THE LITIGATION SUCH AS GRAPHICS CONSULTANTS, LITIGATION SUPPORT CONSULTANTS, JURY CONSULTANTS, TECHNICAL CONSULTANTS AND THEIR NECESSARY PERSONNEL;**

**C. EXPERTS WHO HAVE BEEN IDENTIFIED, INCLUDING A CURRENT CURRICULUM VITAE, TO ALL PARTIES AND WITH REGARD TO WHOM NO PARTY HAS OBJECTED WITHIN TEN (10) DAYS OF THE IDENTIFICATION;**

**D. UP TO TWO ATTORNEYS WHO ARE EMPLOYEES OF A PARTY, A PARTY'S AFFILIATE, OR AN ENTITY WITH A MAJORITY OWNERSHIP INTEREST IN A PARTY, EXCEPT THAT ATTORNEYS WHO PARTICIPATE IN ANY WAY IN THE PREPARATION OR PROSECUTION OF PATENT APPLICATIONS RELATED TO MECHANICAL SLIDE TECHNOLOGY FOR A PARTY ARE NOT QUALIFIED PERSONS, SUBJECT TO THE FOLLOWING CONDITIONS:**

**1. At least ten (10) days prior to any disclosure of Protected Materials to an attorney pursuant to paragraph 10(D), the name of that attorney shall be disclosed to all parties; and**

STIPULATED PROTECTIVE ORDER
Case No. CV-09-2448-R(PLAX)

**2. The disclosure of the attorney's name shall be accompanied by a copy of the statement attached as Exhibit A that is signed by the attorney.**

**E. UP TO TWO (2) CORPORATE OFFICERS OR EMPLOYEES OF A PARTY, A PARTY'S AFFILIATE, OR AN ENTITY WITH A MAJORITY OWNERSHIP INTEREST IN A PARTY, SUBJECT TO THE FOLLOWING CONDITIONS:**

**1. At least ten (10) days prior to any disclosure of Protected Materials to an officer or employee pursuant to paragraph 9(D), the name of that officer or employee shall be disclosed to all parties; and**

**2. The disclosure of the corporate officer's or employee's name shall be accompanied by a copy of the statement attached as Exhibit A that is signed by the corporate officer or employee; AND**

**F. THE COURT.**

10. Protected Materials marked "Confidential Information - Attorneys' Eyes Only" and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

**A. ATTORNEYS IN THE FIRMS THAT ARE OUTSIDE COUNSEL OF RECORD IN THIS ACTION FOR THE PARTY RECEIVING PROTECTED MATERIALS OR ANY INFORMATION CONTAINED THEREIN;**

**B. EMPLOYEES OF SUCH COUNSEL (EXCLUDING EXPERTS) ASSIGNED TO AND NECESSARY TO ASSIST SUCH COUNSEL IN THE PREPARATION AND TRIAL OF THIS ACTION, AND ANY THIRD PARTY VENDORS OR CONSULTANTS USED TO ASSIST IN THE LITIGATION SUCH AS GRAPHICS**

**CONSULTANTS, LITIGATION SUPPORT CONSULTANTS, JURY CONSULTANTS, TECHNICAL CONSULTANTS AND THEIR NECESSARY PERSONNEL;**

**C. EXPERTS WHO HAVE BEEN IDENTIFIED, INCLUDING A CURRENT CURRICULUM VITAE, TO ALL PARTIES AND WITH REGARD TO WHOM NO PARTY HAS OBJECTED WITHIN TEN (10) DAYS OF THE IDENTIFICATION;**

**D. UP TO TWO ATTORNEYS WHO ARE EMPLOYEES OF A PARTY, A PARTY'S AFFILIATE, OR AN ENTITY WITH A MAJORITY OWNERSHIP INTEREST IN A PARTY, EXCEPT THAT ATTORNEYS WHO PARTICIPATE IN ANY WAY IN THE PREPARATION OR PROSECUTION OF PATENT APPLICATIONS RELATED TO MECHANICAL SLIDE TECHNOLOGY FOR A PARTY ARE NOT QUALIFIED PERSONS, SUBJECT TO THE FOLLOWING CONDITIONS:**

**1. At least ten (10) days prior to any disclosure of Protected Materials to an attorney pursuant to paragraph 10(D), the name of that attorney shall be disclosed to all parties; and**

**2. The disclosure of the attorney's name shall be accompanied by a copy of the statement attached as Exhibit A that is signed by the attorney.**

**E. THE COURT.**

11. Protected Materials marked "Confidential Information - Outside Attorneys' Eyes Only" and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

**A. ATTORNEYS IN THE FIRMS THAT ARE OUTSIDE COUNSEL OF RECORD IN THIS ACTION FOR THE PARTY**

**RECEIVING PROTECTED MATERIALS OR ANY INFORMATION CONTAINED THEREIN;**

**B. EMPLOYEES OF SUCH COUNSEL (EXCLUDING EXPERTS) ASSIGNED TO AND NECESSARY TO ASSIST SUCH COUNSEL IN THE PREPARATION AND TRIAL OF THIS ACTION, AND ANY THIRD PARTY VENDORS OR CONSULTANTS USED TO ASSIST IN THE LITIGATION SUCH AS GRAPHICS CONSULTANTS, LITIGATION SUPPORT CONSULTANTS, JURY CONSULTANTS, TECHNICAL CONSULTANTS AND THEIR NECESSARY PERSONNEL;**

**C. EXPERTS WHO HAVE BEEN IDENTIFIED, INCLUDING A CURRENT CURRICULUM VITAE, TO ALL PARTIES AND WITH REGARD TO WHOM NO PARTY HAS OBJECTED WITHIN TEN (10) DAYS OF THE IDENTIFICATION; AND**

**D. THE COURT.**

12. Protected Materials and any information contained therein shall be used solely for the prosecution of this litigation.

13. Counsel for the party receiving Protected Materials may disclose such materials to experts who are actively assisting in the preparation for and/or, trial of this action provided, however, that any such expert has been given a copy of this Protective Order and its provisions have been explained to him/her by counsel and such expert has agreed in writing to be bound by this Order. Counsel for the party receiving Protected Materials may disclose Protected Materials to experts subject to the following procedures:

A. At least ten (10) days before disclosing Protected Materials to an expert, counsel for the party proposing the disclosure shall (1) serve on the party disclosing or producing Protected Materials a written notice identifying

STIPULATED PROTECTIVE ORDER
Case No. CV-09-2448-R(PLAX)

the proposed expert, including his or her present occupation, employer and position, any other current business affiliations, including without limitation all consulting engagements and business affiliations for the previous five (5) years, and a copy of the expert's curriculum vitae, and (2) serve a copy of the expert's written agreement to be bound by this Order in the form of Exhibit A.

B. If the party disclosing or producing Protected Materials objects to such disclosure in writing within ten (10) days after receiving such notice, no disclosure of Protected Materials will be made to that expert until the objection is resolved by agreement or by the Court.  Counsel objecting to the proposed disclosure hereunder shall hereby be deemed to certify that there are good grounds for the objection and shall state such grounds in the written objection.  The parties will promptly have a conference to attempt to resolve the dispute within five (5) days after receipt of the objection.  If a dispute remains, the party objecting to the disclosure must apply to the Court for relief within seven (7) days of the conference.

14. Notwithstanding the foregoing, any document may be disclosed and shown to any person who is named on the face of the document as having been its author or one of its recipients, including recipients of copies, or who appears from other documents or testimony as having been a recipient of the document or the confidential information contained therein.

15. Any paper, document, exhibit, or thing that contains or discloses Protected Materials that is to be filed or submitted with the Court shall be filed in a sealed envelope or other appropriate sealed container, prominently marked with the caption of the case and notation:

**"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. NOT TO BE OPENED OR DISCLOSED EXCEPT BY ORDER OF THE COURT."**

STIPULATED PROTECTIVE ORDER
Case No. CV-09-2448-R(PLAX)

If a party fails to file Protected Materials under seal, any person who in good faith believes that the filing under seal is required to protect its interests may move the Court to seal the Protected Materials within ten (10) days of learning of the allegedly defective filing. Notice of such motion shall be given to all parties. The Clerk shall seal the disputed part of the filing until the Court rules on the Motion. Nothing in this provision relieves a party of liability for damages caused by failure to properly file such Protected Materials under seal.

16. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

17. To the extent that Protected Materials or information contained therein are used in Hearings, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the hearing referring to the Protected Materials or information contained therein.

18. Any court reporter or transcriber or videographer who reports or transcribes or records via videotape or DVD testimony in this action shall agree that all testimony of documents marked "Confidential Information," "Confidential Information - Attorneys' Eyes Only" or "Confidential Information – Outside Attorneys' Eyes Only" under this Order shall remain "Confidential Information," "Confidential Information - Attorneys' Eyes Only" or "Confidential Information – Outside Attorneys' Eyes Only" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions or CD-ROMs, DVDs or videotapes of such testimony (and any accompanying exhibits) will be retained by the reporter and/or videographer or delivered to counsel of record.

19. Inadvertent failure to identify Discovery Materials that should have been designated as Protective Materials pursuant to this Order shall not constitute a waiver of any otherwise valid claims for protection, provided that the provisions of this paragraph are satisfied.  If the party disclosing or producing Discovery Materials discovers that such materials should have been, but were not, designated "Confidential Information," "Confidential Information - Attorneys' Eyes Only" or "Confidential Information – Outside Attorneys' Eyes Only," or if the party disclosing or producing Discovery Materials receives notice that would enable the party disclosing or producing Discovery Materials to learn that it has disclosed such information, then the party disclosing or producing Discovery Materials must immediately notify all other parties.  In such event, within fifteen (15) days of notifying all other parties, the party disclosing or producing Discovery Materials must provide copies of the Discovery Materials containing Confidential Information designated "Confidential Information," "Confidential Information - Attorneys' Eyes Only" or "Confidential Information – Outside Attorneys' Eyes Only" in accordance with the Protective Order.  After receipt of such re-designated Discovery Materials, such Discovery Materials will be treated as Protected Materials as required by this Protective Order, The party receiving such Protected Materials shall have no liability, under this Order or otherwise, for any disclosure of information contained in the undesignated Discovery Materials before such party was placed on notice of the party disclosing or producing the Discovery Material's claims of confidentiality.  Any person who previously received Discovery Materials that should not have received the Discovery Materials under the re-designation as Protected Materials shall destroy all copies of the Protected Materials in their possession immediately.

STIPULATED PROTECTIVE ORDER
Case No. CV-09-2448-R(PLAX)

20. The inadvertent or negligent production of discovery material subject to the attorney-client privilege or the attorney work-product privilege will not waive the attorney-client privilege or the attorney work-product privilege provided that the producing party promptly upon discovery of such inadvertent or negligent disclosure so advises the receiving party and requests that the discovery material be returned. It is further agreed that the receiving party will return such inadvertently or negligently produced discovery material and all copies thereof within ten (10) business days of the earliest of (a) discovery by the receiving party that the production was actually inadvertent or negligent, or (b) receiving a written request for the return of such item or items of information.  The party having returned such inadvertently produced item(s) of information may thereafter, without asserting waiver because of the inadvertent or negligent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

21. The party or parties receiving Protected Materials shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Materials or any information contained therein.

22. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Materials for enforcement of the provisions of this Order following termination of this litigation.

23. Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Materials shall return the Protected Materials to counsel for the party or parties disclosing or producing the Protected Materials, or certify that the Protected Materials have

been destroyed or deleted within 60 days of said dismissal, judgment, or

settlement  The parties are to certify that its experts and consultants have

complied with the obligation to destroy or delete the Protected Materials

provided, although the expert or consultant may keep one copy if his/her final

work product.  The party or parties receiving the Protected Materials may keep

their attorney work product, and copies of pleading, deposition transcripts, or

other transcripts, which refers or relates to any Protected Materials.  Attorney

work product may be used in subsequent litigation provided that such use does

not disclose Protected Materials or any information contained therein.

    24. This Order shall be binding upon the parties and their attorneys,

successors, executors, personal representatives, administrators, heirs, legal

representatives, assigns, subsidiaries, divisions, employees, agents,

independent contractors, or other persons or organizations over which they

have control.

    Stipulated by:

Dated:  September 15, 2009.         RICHARD H. ZAITLEN
                                    STEPHEN D. BYERS
                                    PILLSBURY WINTHROP SHAW
                                    PITTMAN LLP

                                    By:    /s/ Richard H. Zaitlen

                                        Attorneys for Plaintiff
                                        and Counterdefendant
                                    ACCURIDE INTERNATIONAL INC.

                                    ROBERT G. KRUPKA, P.C.
                                    ALEXANDER F. MACKINNON
                                    NICK G. SAROS
                                    KIRKLAND & ELLIS LLP

                                    By:    /s/ Alexander F. MacKinnon
                                        Attorneys for Defendants
                                        And Counterplaintiffs
                                    COMPX PRECISION SLIDES INC,
                                    COMPX INTERNATIONAL INC

STIPULATED PROTECTIVE ORDER
                                    Case No. CV-09-2448-R(PLAX)

EXHIBIT A: STATEMENT OF COMPLIANCE

I, _____, in consideration for receiving Protected Materials, have read and agree to abide by the terms of the Protective Order entered in *Accuride International Inc. v. CompX Precision Slides Inc. et al.*, Civil Action No. CV-09-2448-R (PLAx), in the U.S. District Court for the Central District of California.

_____

Printed Name


_____

_____

Signature

STIPULATED PROTECTIVE ORDER
Case No. CV-09-2448-R(PLAX)

# EXHIBIT 1

RICHARD H. ZAITLEN #63283
richard.zaitlen@pillsburylaw.com
STEPHEN D. BYERS #223330
steve.byers@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Plaintiff and Counterdefendant
ACCURIDE INTERNATIONAL INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ACCURIDE INTERNATIONAL INC., <br><br> Plaintiff, <br><br> vs. <br><br> COMPX PRECISION SLIDES INC. and COMPX INTERNATIONAL INC., <br><br> Defendants. <br><br> COMPX PRECISION SLIDES INC. and COMPX INTERNATIONAL INC., <br><br> Defendants and Counterclaimants, <br><br> vs. <br><br> ACCURIDE INTERNATIONAL INC., <br><br> Plaintiff and Counterdefendant. | Case No. CV-09-2448-R(PLAx) <br><br> **DECLARATION OF JANET KINIRY IN SUPPORT OF THE PARTIES' STIPULATED PROTECTIVE ORDER** |

# DECLARATION OF JANET KINIRY

I, JANET KINIRY, declare as follows:

1.     I am Director of Legal Affairs for Accuride International, Inc. ("Accuride"), Plaintiff and Counterdefendant in the above-captioned matter. Based on this position I have first hand knowledge of the facts set forth in this declaration. I called to testify, I could and would competently do so.

2.     Documents or information containing confidential, proprietary, and business information and/or trade secrets that bear significantly on Accuride's claims and defenses are likely to be disclosed or produced during the course of discovery in this litigation, including sales figures, confidential settlement agreements, and inventor notebooks.

3.     Public dissemination of these confidential, proprietary, and business information, and/or trade secrets could severely damage or injure Accuride, and place Accuride at a competitive disadvantage. Accordingly, the imposition of a protective order is appropriate to prevent this information from becoming public while still allowing Accuride to fulfill its discovery obligations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of July, 2009

Janet Kiniry

# EXHIBIT 2

<table>
<tr><td>1</td><td colspan="2" align="center">UNITED STATES DISTRICT COURT</td></tr>
</table>

1         UNITED STATES DISTRICT COURT

2         CENTRAL DISTRICT OF CALIFORNIA

3         WESTERN DIVISION

4

5  ACCURIDE INTERNATIONAL INC.,                    )

6                      )

7            Plaintiff,  )

8      vs.               )

9  COMPX PRECISION SLIDES INC. and COMPX INTERNATIONAL INC.,    )

10

11          Defendants.  )

12  COMPX PRECISION SLIDES INC. and COMPX INTERNATIONAL INC.,    )    Case No. CV-09-2448-R(PLAx)

13                   )  **DECLARATION OF J. MARK HOLLINGSWORTH IN SUPPORT OF THE PARTIES' STIPULATED PROTECTIVE ORDER**

14  Defendants and Counterclaimants,    )

15      vs.               )

16  ACCURIDE INTERNATIONAL INC.,    )

17

18      Plaintiff and Counterdefendant.    )

19

20

21         **DECLARATION OF J. MARK HOLLINGSWORTH**

22

23  I, J. MARK HOLLINGSWORTH, declare as follows:

24  1.    I am Vice President and General Counsel of CompX International Inc.

25  (CompX), Defendant and Counterclaimant in the above-captioned matter.

26  Based on this position, I have knowledge of the facts set forth in this declaration.

27  If called to testify, I could and would competently do so.

28

2.    Documents or information containing confidential, proprietary, and business information and/or trade secrets that bear significantly on CompX's defenses and claims are likely to be disclosed or produced during the course of discovery in this litigation, including sales figures, design documents, pricing and cost information, and communications regarding customers and potential customers.

3.    Public dissemination (or disclosure to a competitor) of this confidential, proprietary, and business information could severely injure CompX, and place CompX at a competitive disadvantage. Accordingly, the entry of a protective order is appropriate to prevent this information from becoming public while still allowing CompX to fulfill its discovery obligations and pursue its defenses and claims in this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of July, 2009

J. Mark Hollingsworth

600825840v1

DECLARATION OF J. Mark Hollingsworth
STIPULATED PROTECTIVE ORDER
Case No. CV-09-2448-R(PLAX)